IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RESPIRONICS, INC. and RIC          )
INVESTMENTS, INC.                  )
           Plaintiff,              )
                                   )
       v.                          )  Civil Action No.  04-0336
                                   )
INVACARE CORP.                     )
           Defendant.              )

MEMORANDUM and ORDER

Gary L. Lancaster                              June **29**, 2007
District Judge.

       This is a patent infringement case.  On April 26, 2007, the

court entered summary judgment in defendant's favor as to

infringement of the '802, '193, and '575 Patents and in plaintiffs'

favor as to patent validity.  We refused to enter summary judgment as

to infringement of the '517 Patent.  As to that patent, we identified

a key factual dispute, namely, whether valve position measurements

were converted into flow rate units for use in the Unloading

Equation.

       Defendant has filed a motion for clarification and

reconsideration of the summary judgment opinion [doc. no. 271].

Plaintiff has filed a motion seeking entry of a partial final

judgment from the summary judgment order [doc. no. 270].  For the

reasons set forth below, we deny both motions.

A.   <u>Motion for Clarification</u>

Defendant's motion for clarification seeks to make "two minor clarifications...for purposes of consistency" to this court's April 26, 2007 memorandum.  First, defendant asks that we strike the words "undisputed and admitted" from the sentence spanning pages 24-25, so that it reads "Contrary to these [] facts, plaintiffs contend...".  Second, defendant asks that we change the word "function" on page 25 to "infringe" so that the sentence reads "...there is no actual dispute that in order for the accused device to [infringe], valve position measurements must be converted into flow rates."  Plaintiffs contend that no clarification is needed, and argue that the requested clarifications would alter the court's summary judgment rulings and render them erroneous.

We find that modification of the memorandum is not necessary. Our discussion on pages 24 and 25 concentrated on plaintiffs' key admission "that valve position information must be converted into actual flow rate units in order to be used in the Unloading Equation to determine the second pressure magnitude" [doc. no. 258, p. A120]. That admission is explicitly cited immediately before the first sentence that defendant has asked us to modify, and immediately after the second sentence.  In discussing that admission, we explained that it made resolution of the "logical, or linguistic, conundrum" created by plaintiffs' position that an accused device could infringe claims

that required that a flow rate be "sensed" and that a flow rate signal be "outputted" without ever "recognizing, accounting for, knowing, or measuring the volume of breathing gas moving per unit of time" unnecessary.

In the context of our analysis on the relevant pages of our summary judgment decision, use of the word "undisputed" or the phrase "no actual dispute" referred back to plaintiffs' expert witness's key admission.  Put another way, plaintiffs could not dispute what their expert had admitted: that conversion to flow rate units was required by the Unloading Equation.  The fact that defendant may not agree with that statement, as a general matter, is not relevant to the infringement question, which plaintiffs have now drawn more narrowly by their own admission.  This meaning is clear when the two sentences are read in context.  Thus, we find that the requested modifications are not warranted.


B.   Motion for Reconsideration

1.   Resolution of the Motion

In its motion for reconsideration, defendant contends that summary judgment should be entered as to infringement of the '517 Patent because there is no genuine dispute of material fact regarding whether the $V_{scale}$ factor in the Unloading Equation converts valve step position measurements into flow rate units.  In short, defendant

attacks the reliability, quality, and completeness of plaintiffs'

expert witnesses' testimony.  In opposition, plaintiffs argue that

their evidence is sufficient to overcome what is essentially

defendant's renewed motion for summary judgment.  In addition,

plaintiffs contend that the court made an "inadvertent error" by

substituting the word equal for the word corresponding.

We find, as we did in our April 26, 2007 memorandum, that

there is a factual dispute precluding summary judgment as to

infringement of the '517 Patent.  Plaintiffs have provided evidence

that the $V_{scale}$ factor converts valve position measurements into flow

rate units for use in the Unloading Equation.[1]  Defendant has

provided evidence that the $V_{scale}$ factor does not convert valve

position measurements into flow rate units.  We have already

determined that such conversion is required in order for there to be

a finding of literal infringement.[2]  Therefore, there is a factual

dispute central to resolving the issue of infringement of the '517

Patent, which dispute must be presented to a jury for resolution.

---

[1]  We make this determination without consideration of Dr.
Younes' new expert declaration, the admissibility of which will
be addressed at the appropriate time prior to trial.

[2]  We have also already determined that plaintiffs cannot
avail themselves of the doctrine of equivalents theory of
infringement [doc. no. 267, p. 26].  Plaintiffs' arguments in
their opposition brief that correlations to, direct
correspondence of, and consistent tracking of flow rates
establish infringement are truly doctrine of equivalents
arguments, which are not available to plaintiffs.

4

Whether Dr. Younes's testimony is reliable, believable, or will prevail when compared to defendant's evidence is a matter for the fact finder to resolve. The fact finder will evaluate the reasons given for why Dr. Webber and Mr. Mascara did not opine on the operation and function of the $V_{scale}$ factor. All of the questions that defendant raises regarding the testimony, or lack thereof, of Younes, Webster, and Mascara regarding flow rate unit conversion provide rich fodder for cross examination. They do not, however, justify taking resolution of the ultimate issue of infringement of the '517 Patent out of the hands of the jury.

### 2.   Discussion of Alleged "Inadvertent Errors"

Although we have resolved the motion for reconsideration, we must address plaintiffs' contention that the April 26, 2007 memorandum contained inadvertent errors. Plaintiffs claim in their opposition brief that the court inadvertently substituted the word "equal" for the word "corresponding" when discussing infringement of the '517 Patent. Plaintiffs are wrong, and it is important for the court to explain why they are wrong so that all interested parties proceed with a clear understanding of the standards under which literal infringement will be judged at trial.

As an initial matter, it is difficult to accept that plaintiffs truly believe that the court made an inadvertent mistake in stating that the claims of the '517 Patent require the outputting of a signal equal to, rather than corresponding to, the flow rate. When we addressed infringement of the '517 Patent in our summary judgment opinion, we explicitly expressed our disagreement with plaintiffs' position "that flow rates need not be measured by, or even known to, the accused device as long as some measurement proportional to, related to, similar to, or capable of being manipulated to match the flow rate is made" [doc. no. 267, at p. 25]. We characterized plaintiffs' argument that valve position measurements could substitute for flow rates and literally infringe patent claims that called for the flow rate to be "sensed" and a flow rate signal to be "outputted" as illogical.  Id.  However, we went on to find that we did not have to resolve the logical inconsistencies in that argument because plaintiffs' own expert stated that valve position measurements had to be converted into flow rate units in order to be used in the Unloading Equation.  Id.  Therefore, we found that plaintiffs could not now dispute that conversion into flow rate units was a prerequisite to infringement.  Id.  As such, the court directly addressed the exact issue on which plaintiffs claim we made an inadvertent mistake.

Even so, plaintiffs insist that use of the phrase "equal to," instead of "corresponding to," was a mistake that contradicts this court's previous claim construction ruling, and creates a "rephrased standard."  Plaintiffs are mistaken.  We never specifically construed the term "corresponding" in the context of any of the Patents-in-Suit.  The word "corresponding" substantively appears only once in our claim construction opinion.  In that opinion, we defined the phrase "continually detecting the instantaneous flow rate" in the '802 and '193 Patents, as meaning "without interruption, creating a signal corresponding to the flow rate at a particular point of time" [doc. no. 249, p. 21].  In so doing, we rejected plaintiffs' proposed construction that the signal could be "proportional to" the flow rate.

Instead, we used a word that was itself found in the claims of the Early Patents - "corresponding."  See '802 Patent, cls. 3 and 24 and '193 Patent, cls. 9 and 44 ("...provide a reference indicia corresponding to an average flow rate...").  In that context, we interpreted the word corresponding to mean equal to in our claim construction opinion, without objection.  See doc. no. 249, p. 22 (prior claim element stated that reference indicia corresponds to average flow rate; in context of claim construction of a later claim element, average flow rate is substituted for/considered the same thing as the reference indicia).  Corresponding was not otherwise

defined in the context of the '802 or '193 Patents.

Nor was the word defined in the context of the '517 Patent, the only Patent still at issue in this case. Although the word "corresponding" appears in the asserted claims,[3] the parties, who are responsible for identifying disputed terms in need of construction, did not request construction of that term. The only phrase in the relevant claim element of Claim 29 that we construed was "fluid characteristic," which we defined, consistent with our earlier construction, to mean "flow rate." Because the term "corresponding" was never construed in the context of the '517 Patent, and when it was construed in the context of the '802 and '193 Patents was defined to mean equal to, our summary judgment opinion could not contradict our claim construction opinion, or constitute a "rephrased standard," as plaintiffs contend.

Rather, we addressed the meaning of "sensing" and "outputting a signal corresponding to" when those terms became relevant to deciding the cross-motions for summary judgment regarding infringement of the '517 Patent. At that time, as discussed in detail above, we explicitly stated that measurements proportional to, related to, similar to, or capable of being manipulated to match flow

---

[3] Claim 29, which is an independent claim, contains the word "corresponding". Claims 30 and 32, which plaintiffs also assert in this case, are dependent claims. Therefore, all asserted claims of the '517 Patent include the claim term "corresponding".

rates were insufficient to establish literal infringement of the '517 Patent.  In part, we made that determination based on plaintiffs' own admission that conversion of valve position measurements into flow rate units was required by the Unloading Equation.  Thus, through our examination of the claims of the '517 Patent, and the relevant evidence, we found that "correspond" meant "equal to" for purposes of determining infringement of the '517 Patent.  The words were not inadvertently substituted, as plaintiffs allege.

Therefore, we reiterate that the infringement question now rests squarely on whether the $V_{scale}$ variable in the Unloading Equation converts valve position information into flow rate units, _i.e._, the volume of breathing gas moving per unit of time.  That is the dispositive question that will be determined by the fact finder at trial.


C.    Motion for Partial Final Judgment

Plaintiffs have moved for entry of a partial final judgment, pursuant to Rule 54(b), on all claims of infringement and invalidity involving the currently marketed accused device.  According to plaintiffs, the remaining claims of infringement against the device displayed at the 2003 trade show, and the counterclaims and defenses of invalidity of the relevant patent (_i.e._, the '517 Patent), are separate and distinct from the claims of infringement of the

currently commercialized accused device, and the counterclaims and

defenses of invalidity of the relevant patents (i.e., the '802, '193,

and '575 Patents).  As such, plaintiffs contend that there is no just

reason for delay, and ask that the April 26, 2007 order be deemed a

partial final judgment, and that the remaining case involving the

'517 Patent be stayed pending appeal.  Defendant resists entry of a

partial final judgment on the ground that the Patents-in-Suit, and

the two accused devices, are related.  Defendant also argues that

entry of the requested judgment would result in duplicate and

piecemeal appeals, and an inefficient use of resources.  Plaintiffs'

motion will be denied.

When deciding whether to certify a judgment under Federal

Rule of Civil Procedure 54(b), a district court must make two

determinations.  First, we must determine whether the judgment is

final in the sense that it is "an ultimate disposition of an

individual claim entered in the course of a multiple claims action."

Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980); see

also Houston Indus., Inc. v. United States, 78 F.3d 564, 567 (Fed.

Cir.⁴ 1996); W.L. Gore & Associates, Inc. v. Int'l Med. Prosthetics

---

⁴ Decisions of the Court of Appeals for the Federal Circuit,
and not the Court of Appeals for the Third Circuit, control Rule
54(b) certification determinations in patent cases.  State
Contracting & Eng'g Corp. v. State of Florida, 258 F.3d 1329,
1334-35 (Fed. Cir. 2001) (citing cases).

Research Associates, Inc., 975 F.2d 858, 861-62 (Fed. Cir. 1992).
Second, we must determine "whether any just reason for delay exists."
Curtiss-Wright, 446 U.S. at 8; Houston Indus., 78 F.3d at 567; W.L.
Gore, 975 F.2d at 861-62.

        This is not a multi-claim action.  This is a patent
infringement action in which plaintiffs assert that one defendant has
infringed four patents.  Plaintiffs claim that three of their patents
are infringed by defendant's currently commercialized device, and
that one of their patents was infringed by defendant's trade show
device.  We entered summary judgment that none of the four patents
were invalid and that three of the four patents were not infringed.
We denied cross motions for summary judgment regarding infringement
of the fourth patent.

        We find that the case that was not resolved on summary
judgment is too closely related to the case that was resolved on
summary judgment to allow entry of partial final judgment.  First,
the four patents asserted in this case are themselves related.  The
'517 Patent is a continuation in part of the '575 Patent.  All four
patents are from the same family.  The technology, from the
standpoint of both the patents and the accused devices, is related.
In addition, the '517 Patent contains claim terms that are also found
in the '802, '193, and '575 Patents.  To permit appeal of our
construction and infringement analysis of those claim terms to the

Court of Appeals for the Federal Circuit, without sending all four patents that contain the claim terms to that court is fraught with danger of multiple appeals and inefficiencies.  Moreover, the invalidity contentions are overlapping as well.  We discussed best mode and written description challenges to all of the Patents-in-Suit in tandem in our summary judgment opinion.  Anticipation and inventorship challenges were made to both the '575 Patent and the '517 Patent.  To attempt to segregate those validity rulings into appealable and non-appealable parts would provide the appellate court with less than a full record, which is not appropriate under Rule 54(b).

The cases cited by plaintiffs to support their statement "that Rule 54(b) certification is appropriate in the context of patent infringement cases" aptly demonstrate why it is not appropriate to enter partial final judgment in this case.  In all of the cited cases, two distinct, and free-standing, legal issues were segregated by entry of partial final judgment.  In none of them were some parts of a multi-patent and multi-accused device case appealed, while other parts were stayed.  See Schoenhaus v. Genesco, Inc., 440 F.3d 1354 (Fed. Cir. 2006) (all patent issues appealed; state law claims stayed); Mass. Eye and Ear Infirmary v. Novartis Ophthalmics, Inc., 199 Fed. Appx. 960 (Fed. Cir. 2006) (inventorship issues appealed; infringement case stayed); Home Diagnostics, Inc. v.

12

LifeScan, Inc., 381 F.3d 1352 (Fed. Cir. 2004) (claim construction appealed; infringement case stayed); Pellegrini v. Analog Devices, Inc., 375 F.3d 1113 (Fed. Cir. 2004) (issue of the territorial reach of the Patent Act appealed; infringement case stayed); Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd., 292 F.3d 1363 (Fed. Cir. 2002) (personal jurisdiction and inventorship issues appealed; infringement case stayed); W.L. Gore, 975 F.2d at 861 (infringement appealed; patent misuse and antitrust case stayed).

        We find that this is not a case in which multiple claims can be properly segregated for appeal under Rule 54(b). We cannot make the required determination that there is no just reason for delay given the relatedness of the claims, technology, and patents, the risk of multiple appeals, and the overall procedural posture of this case. Although immediate appeal may be the desired, and more efficient, course for plaintiffs, Rule 54(b) is not to be used as an accommodation to litigants. Plaintiffs have failed to satisfy the requirements justifying relief under Rule 54(b), and therefore, we cannot grant their motion for entry of partial final judgment.

13

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RESPIRONICS, INC. and RIC       )
INVESTMENTS, INC.               )
          Plaintiff,            )
                                )
     v.                         )    Civil Action No.   04-0336
                                )
INVACARE CORP.                  )
          Defendant.            )

ORDER

AND NOW, this 29th day of June, 2007, IT IS HEREBY ORDERED

that defendant's motion for clarification and reconsideration [doc.

no. 271] is DENIED;

IT IS FURTHER ORDERED that plaintiffs' motion for

certification [doc. no. 270] is DENIED;

IT IS FURTHER ORDERED that plaintiffs' motion for leave [doc.

no. 276] is GRANTED; and

IT IS FURTHER ORDERED that the court will hold a status

conference on ___July 26___, 2007, at _4:30__ p.m.

BY THE COURT:

_____

cc:     All Counsel of Record

14