IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RESPIRONICS, INC. and RIC           )
INVESTMENTS, INC.                   )
          Plaintiff,                )
                                    )
     v.                             )     Civil Action No.  04-0336
                                    )
INVACARE CORP.                      )
          Defendant.                )

MEMORANDUM and ORDER

Gary L. Lancaster,                       September _18_, 2009
District Judge

          This  is  a  patent  infringement  case.   The  procedural

history and factual background of this matter have been detailed by

this court in numerous opinions issued since the case's inception

five years ago, and by the Court of Appeals for the Federal Circuit

in an opinion dated December 16, 2008.  We will assume the reader's

familiarity with these prior opinions and the general background of

the case.

          Although we decided the bulk of this case on summary

judgment, a jury was needed to determine whether Invacare's Trade

Show Device infringed the '517 Patent.  The jury found that it did.

Both parties appealed our summary judgment rulings.   Invacare

appealed the jury's verdict of infringement.  While affirming the

jury verdict and some of the findings made by this court on summary

judgment, the appellate court disagreed with the court's entry of

summary judgment in two respects and therefore: (1) vacated the

grant of summary judgment of non-infringement of the '575 Patent on

the ground that we erred in construing the term "shape" to be limited to magnitude and duration; and (2) reversed the grant of summary judgment of validity of the '575 and '517 Patents, and remanded, inviting Respironics to "move again for summary judgment more clearly setting forth whatever patentable differences it believes exist over the Younes Article."

Following a status conference with the parties, the court set forth a schedule for further summary judgment briefing on these two issues. The parties were also permitted to include argument explaining whether, as a procedural matter, Invacare should be permitted to file a motion for summary judgment of non-infringement based on the court of appeals's purportedly new construction of the term "predetermined pressure profile." Such briefing has concluded and the following motions are before the court:

- Respironics's renewed motion for summary judgment that the '575 Patent is infringed and that the '575 and '517 Patents are not invalid [doc. no. 352];

- Invacare's renewed motion for summary judgment of non-infringement and invalidity [doc. no. 356];

- Invacare's motion to strike the new declaration of Dr. Magdy Younes [doc. no. 360];

- Respironics's motion to exclude the expert opinion proffered by Jeffrey Orth [doc. no. 363]; and

- Respironics's motion to strike new arguments in

2

Invacare's reply brief [doc. no. 374].

For the reasons set forth below, we deny the motion to exclude Mr. Orth's opinion on the ground that it is untimely.   We similarly deny the motion to strike the new declaration of Dr. Younes because the court of appeals explicitly invited Respironics to submit such a document.   However, we find that notions of judicial fairness dictate that Invacare be given an opportunity to test and rebut Respironics's new expert testimony.   To that end, we will reopen expert discovery on the opinions and arguments found in the New Younes Declaration.

As a result of our decision to reopen expert discovery, we deny the cross motions for summary judgment on the issue of validity, without prejudice to the parties' ability to refile them following the close of expert discovery, in accordance with the court's order below.   At that time, either party make seek entry of judgment as a matter of law on the issue of whether the Younes Article anticipates claims 29, 30, and 32 of the '517 Patent and claims 21, 43, and 44[1] of the '575 Patent.

---

[1] We have included claim 44 purposefully.   Just as Respironics has been given a second chance to expand on and clarify its arguments regarding why the '517 and '575 Patents are not anticipated by the Younes Article, Invacare is being given a corresponding second opportunity to expand on and explain how its original invalidity arguments regarding claim 43 now apply to claim 44 under this and the appellate court's constructions and rulings.

We will also deny the cross motions for summary judgment on the issue of infringement, without prejudice. First, as a procural matter, it would waste judicial resources to decide those motions prior to, and apart from, the validity motions that will presumably follow the close of expert discovery. Second, as a substantive matter, we have concluded that we must examine the "predetermined pressure profile" claim limitation in the context of renewed motions for summary judgment of infringement for the reasons explained below.

Respironics's motion to strike arguments made in Invacare's summary judgment reply brief is moot.

I.    The Procedural Motions

    A.    Mr. Orth's Expert Report

Respironics has filed a motion to exclude the expert report and testimony of Jeffrey Orth on the ground that he is not qualified to testify as an expert because he has no college degree, no experience working in the sleep industry, and has never previously been qualified as an expert by any other court [doc. no. 364 at 1-2]. We need not reach the merits of this motion, however, because it is untimely.

Mr. Orth produced his expert report in 2005. Respironics did not object to his qualifications. Invacare relied upon Mr. Orth's opinions to support its invalidity contentions during the

4

first round of summary judgment briefing in 2006.  Respironics did not object to his qualifications.  Invacare relied on Mr. Orth's opinions in arguing the validity issue before the court of appeals. Respironics did not object to his qualifications.  The court of appeals explicitly referred to Mr. Orth's claims charts in its opinion.

Respironics has provided no explanation as to why it failed to object to Mr. Orth's qualifications at any point during the last four years, but does so now.  Considering the fact that Respironics relies only upon e-mails exchanged between counsel in 2005, and Mr. Orth's curriculum vitae attached to his 2005 expert report to support its motion, Respironics would be unable to offer any plausible explanation for the delay.  Respironics's window for objecting to the qualifications of this expert has long since closed.

The motion to exclude Mr. Orth's expert opinion is denied.


B.    Dr. Younes's Declaration

Invacare has moved to strike the June 26, 2009 declaration of Dr. Magdy Younes, which was filed in support of Respironics's renewed motion for summary judgment of validity [doc. no. 360]. Although we see the merit in Invacare's motion, we must deny it in accordance with the court of appeals's directive.  However, in doing so, we will allow a limited period of expert discovery in order to

allow Invacare to explore and rebut the new theories advanced and evidence produced by Respironics.

In order to understand this motion, we must briefly review the procedural history regarding the validity of the '575 and '517 Patents. During the first round of summary judgment motions, Respironics moved for a determination that claims 21 and 43 of the '575 Patent and claims 29, 30, and 32 of the '517 Patent were not anticipated by, among other things, an article published by Dr. Magdy Younes. Invacare did not file a cross motion on the issue of invalidity, but opposed entry of summary judgment in Respironics's favor on this issue. Nevertheless, we granted Respironics's motion, and entered judgment as a matter of law that claims 21 and 43 of the '575 Patent and claims 29, 30, and 32 of the '517 Patent were not anticipated by the Younes Article, and were valid. We did so on the ground that Invacare had failed to provide the court with sufficient evidence to establish that a reasonable juror, applying the appropriate twice-heightened presumption of validity, could rule in its favor on the invalidity issue [doc. no. 267 at 33-34].

The court of appeals reversed finding not that Invacare had produced sufficient evidence to overcome summary judgment, but that Respironics had failed to produce the necessary evidence to warrant our granting summary judgment in its favor. The court of appeals found that our grant of summary judgment was improper because none of the distinctions identified by Respironics in its

6

expert report and motion for summary judgment between the Younes Article and the patents were reflected in the <u>claims</u> of the patents. Fed. Cir. Op. at 22-23.  However, instead of directing that we deny Respironics's motion with prejudice upon remand, send the issue to a jury, or enter judgment in favor of Invacare on the issue of invalidity, the court of appeals "reversed" and then stated that "Respironics may move again for summary judgment more clearly setting forth whatever patentable differences it believes exist over the Younes Article."  Fed. Cir. Op. at 23-24.

Respironics has now done just that and in support of its renewed motion has submitted the New Younes Declaration.  Although we would normally not allow an expert witness to "clarify" or "explain" his opinions four years after he filed his expert report, we cannot avoid the court of appeals's directive that Respironics be permitted to do just that upon returning to this court.  Although we recognize that the New Younes Declaration provides new opinions and testimony, it is indeed linked, however tangentially, to the three distinctions that Dr. Younes originally identified in his expert report, i.e., treatment of a specific disease, use of a piston as the gas delivery source, and accounting for leakage.  As such, it meets the qualifications of the court of appeals's directive to "more clearly set[] forth" the patentable differences between the article and the claims.

Of course, the court of appeals has already rejected those three distinctions as patentable differences between the Younes Article and the patents in suit.  But we need not now opine on the merits of the New Younes Declaration, or on its evidentiary weight, having been provided years after the close of discovery and at the invitation of the court of appeals.  For now, we conclude that we are compelled by the court of appeals's directive to consider the New Younes Declaration.  However, as a condition of doing so we will order that expert discovery be reopened for a limited period of time to allow Invacare to explore and rebut Respironics's new expert opinions.  Although we recognize that Invacare has responded to each of Dr. Younes's new arguments in its brief in opposition to Respironics's renewed summary judgment motion without the benefit of further discovery, and by relying solely on expert testimony that Invacare previously produced, we find that fairness dictates that Invacare be given the opportunity to fully explore and test Dr. Younes's new opinions, their relationship to his prior opinions, and the reasons for their absence from his original expert report.  The scope and timing of this discovery period is set forth in detail in the attached order of the court.

As such, we deny the motion to strike Dr. Younes's new declaration.

II.   Substantive Motions

    A.   Cross Motions for Summary Judgment: Validity

        Because we are reopening expert discovery on the issue of anticipation of the patents in suit by the Younes Article, we cannot decide the pending cross motions for summary judgment on the issue of validity.  As set forth in the attached order, the parties will each be given the opportunity to renew those motions after the close of the expert discovery period.

    B.   Cross Motions for Summary Judgment: Infringement

        Both parties have filed motions seeking entry of judgment as a matter of law on the question of whether the Commercial Device infringes claims 29, 30, and 32 of the '575 Patent.  As an initial matter, we would not decide these motions prior to, and apart from deciding any motions for summary judgment on the issue of invalidity.  To do so would be inefficient.

        However, apart from this procedural consideration, we cannot decide these motions at this time because we have determined that both parties must be permitted to include substantive argument on the predetermined pressure profile claim limitation in order for the court to fully assess whether entry of judgment as a matter of law is appropriate on the issue of infringement.

        To be clear, we do not reach this conclusion on the ground

that the court of appeals "expressly modified" our claim constructive of that term. The allegedly modified construction set forth by the court of appeals is taken, verbatim, from our claim constructive opinion, and is also found in our summary judgment opinion. See Fed. Cir. Op. at 15; Cl. Constr. Op. [doc. no. 249] at 27; and S.J. Op. [doc. no. 267] at 34. Our construction of the predetermined pressure profile claim element has been clear and consistent throughout this case. Therefore, we need not allow further summary judgment briefing on that element because of the court of appeals's so-called modified construction.

However, upon review of the record, we find that we do need to allow substantive briefing on this claim limitation if we are to make a comprehensive determination as to whether a trial is needed on the issue of infringement of the '575 Patent by the Commercial Device. Before the Court of Appeals for the Federal Circuit, Invacare filed a cross-appeal offering an alternative justification for our entry of summary judgment in its favor on the issue of infringement of the '575 Patent by its Commercial Device. The court of appeals deemed the motion to be an improper cross-appeal, but nonetheless considered Invacare's claim construction argument to be an alternative ground for affirming the judgment of non-infringement. Fed. Cir. Op. at 13-14. The court of appeals framed Invacare's claim construction argument to be whether the '575 Patent should be construed to expressly disclaim CPAP and Bi-Level

10

therapies from the scope of its claims. Id. at 13. The court of appeals "decline[d] to read an express disclaimer into the claims." Id. at 14.

However the court went on to allegedly modify our claim construction of the term predetermined pressure profile, and then denied Invacare's alternative ground for affirming our entry of summary judgment of non-infringement on the ground that whether Invacare's Commercial Device is a standard CPAP device whose pressure remains constant was a disputed fact on the record before it. Fed. Cir. Op. at 15. To support its conclusion that this fact was in dispute the court of appeals cited to Respironics's brief, and Invacare's User Manual. Id. at 15-16.

It does not follow from the fact that the court of appeals deemed this fact to be disputed on the limited record placed before it on an improper cross-appeal that the matter cannot be resolved on renewed summary judgment before this court. We conclude that it is appropriate to give the parties an opportunity to fully brief the issue, especially given that we will consider renewed motions for summary judgement on the issues of validity and infringement following expert discovery. This court has a duty to make a comprehensive review of the record in this case to ensure that the outstanding infringement issue cannot be decided as a matter of law before seating a second jury in this matter.

As such, the cross motions for summary judgment on the issue of infringement are denied, without prejudice. Following expert discovery, the parties may file renewed motions for summary judgment on the issue of infringement which may include argument and evidence directed to the predetermined pressure profile claim limitation.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RESPIRONICS, INC. and RIC       )
INVESTMENTS, INC.               )
          Plaintiffs,           )
                                )
     v.                         )     Civil Action No.   04-0336
                                )
INVACARE CORP.                  )
          Defendant.            )

<u>ORDER</u>

AND NOW, this 18ᵗʰ day of September, 2009, Respironics's motion to exclude the expert report of Jeffrey Orth [doc. no. 364] is DENIED and Invacare's motion to strike the declaration of Dr. Younes [doc. no. 360] is DENIED.  The cross motions for summary judgment [doc. nos. 352 and 356] are DENIED, without prejudice. Respironics's motion to strike [doc. no. 376] is MOOT.

The parties are instructed to proceed in the following manner:

Expert discovery is reopened for sixty (60) days.  This discovery period is limited to the issues raised in the New Younes Declaration.  No new expert witnesses shall be identified during this time period.

Thirty (30) days following the close of expert discovery the parties shall file any renewed motions for summary judgment on the issue of invalidity and any renewed motions for summary judgment on the issue of infringement.

Any responses are due within thirty (30) days.

Any replies are due fifteen (15) days thereafter.

No further briefing will be accepted by the court, nor motions for leave to file further briefs entertained.

The parties are further advised that when filing documents under seal, they must include the title or a description of the document in the docket entry. For instance, a docket entry is not to read "Sealed Document," but should be filed as "Sealed Document: Appendix of Exhibits to Renewed Motion for Summary Judgment [doc. No. xxx]." If a party believes that the title of a document is itself confidential, it must so advise the court by motion.

BY THE COURT,

_____ J.

cc:  All Counsel of Record